The Martien Electric Co. *v.* The Harriman National Bank.

(Decided November 7, 1927.)

*Messrs. Turney & Sipe,* for plaintiff in error.
*Messrs. Ulmer & Berne,* for defendant in error.

Lloyd, J. The plaintiff in error seeks to reverse a judgment of the court of common pleas of Cuyahoga county, in an action wherein plaintiff in error was plaintiff and defendent in error was defendant. A demurrer was filed to the petition of plaintiff, which was sustained by the court below, and, plaintiff not desiring to plead further, the court entered judgment in favor of the defendant.

The question presented to this court is: Does this petition contain facts sufficient to constitute a cause of action? The petition contains many allegations of fact, but reference will be made only to such of them as might be claimed to be essential to a determination of this question. The petition alleges that plaintiff, a corporation, is the owner of all of the

assets and choses in action of the Martien Electric Company, a partnership; that this partnership had theretofore contracted with the North Shaker Boulevard Company to purchase the merchandise and materials therefor, and to install the electrical work in certain apartment buildings to be constructed by the boulevard company, some of which buildings had been begun, and some of which, including a garage, had already been built; that, pursuant to the terms of the contract, plaintiff was to, and did, purchase in advance, in quantity, the necessary merchandise and materials for completing the said electrical work, and, as provided by the contract, stored same in the garage, the use of which for such purposes having been given to the partnership by the boulevard company; that, the boulevard company becoming financially embarrassed, the construction work was stopped; that the defendant bank, as trustee, held a mortgage on the real estate of the boulevard company, executed and delivered long before the making of the contract of plaintiff; that thereafter the defendant commenced an action to foreclose same; that a decree and order of sale were issued therein by the court; that the defendant bank caused said decree to include, not only the real estate mortgaged, but also the electrical materials and merchandise of the plaintiff not included in the mortgage, and located in the garage; that, upon said order of sale, the defendant caused said merchandise to be offered for sale, and, when said merchandise was offered for sale caused same to be sold, or a form of judicial sale to be gone through with, by which said personal property of plaintiff was sold for the nominal sum of $1,000, the actual value thereof being $9,200; that thereafter the

Court of Appeals reversed that portion of said decree ordering said personal property to be sold, which reversal was affirmed by the Supreme Court, and is now final; that said materials and merchandise of plaintiff were sold by the purchaser thereof to another, who paid to plaintiff $2,700 for an agreement by plaintiff to forbear from replevin or injunction proceedings to test the title of such subsequent vendee to such merchandise and materials; and that, by reason of the aforesaid alleged facts, plaintiff has been injured and damaged in the sum of $6,450, for which it prays judgment.

Neither counsel for plaintiff nor defendant discussed in brief or argument the principles of law which seem to us applicable to the question in dispute. In effect, the plaintiff charges that the defendant caused its property to be unlawfully taken and appropriated to the benefit of the defendant, and now seeks restitution thereof. We are not called upon to consider what the measure of recovery would be, if the facts alleged were proven, but are of the opinion that an examination thereof will show that the authorities amply support our conclusion that the petition of plaintiff contains facts sufficient to constitute a cause of action.

The judgment of the court of common pleas is therefore reversed, and the action remanded to that court, with directions to overrule said demurrer.

*Judgment reversed.*

RICHARDS and WILLIAMS, JJ., concur.

Judges RICHARDS, WILLIAMS and LLOYD of the Sixth Appellate District, sitting in the place of Judges SULLIVAN, LEVINE and VICKERY of the Eighth Appellate District.